WALTON FOUNDRY COMPANY, Appellant, *v.* AMERICAN SURETY COMPANY OF NEW YORK, Respondent.

Third Department, November 15, 1923.

Guaranty — action on undertaking given by defendant for appellant in another case on appeal — appeal was dismissed — defense that after appeal was dismissed judgment in favor of plaintiff herein was vacated — copy of order vacating judgment was attached to answer — defense should have been proven — concession by plaintiff that judgment was vacated did not authorize court to grant judgment on pleadings — plaintiff herein had right to prove facts to overcome effect of order vacating judgment.

In an action on an undertaking given by the defendant as surety on an appeal by the defendant in another action, it was error for the court to grant defendant's motion for judgment on the pleadings dismissing the complaint, where it appears that the defendant interposed a defense that the judgment in the action in which the undertaking was given was vacated after the appeal in that action had been dismissed, since that defense was an affirmative one and required evidence to sustain it, and the trial court was not at liberty to assume the truth of the allegation.

Although the plaintiff in this action conceded that the judgment in the action in which the undertaking was given was vacated as alleged, it insisted upon a trial in which the facts relating to the vacating of the judgment might be developed by evidence, and, therefore, it was entitled to overcome the effect of the order vacating the judgment if it could do so.

APPEAL by the plaintiff, Walton Foundry Company, from an order of the Supreme Court, made at the Delaware Trial and Special Term and entered in the office of the clerk of the county of Delaware on the 3d day of May, 1923, granting the defendant's motion for judgment on the pleadings; also from the judgment dismissing the complaint entered in said clerk's office on the same day pursuant to said order, and also from an order made at the Broome Trial and Special Term, entered in said clerk's office on the 21st day of June, 1923, denying the plaintiff's motion to resettle the first mentioned order.

*A. G. Patterson,* for the appellant.

*Wilber, Norman & Kahn* [*Hugart F. Norman* of counsel], for the respondent.

COCHRANE, P. J.:

This is an action on an undertaking given by the defendant as surety on an appeal by the A. D. Granger Company from a judgment recovered against it by the plaintiff. The undertaking contained the usual provision that if the judgment so appealed from or any part thereof was affirmed or the appeal dismissed the appellant would pay the sum recovered or directed to be paid by the judgment. The appeal of the A. D. Granger Company was dismissed and the defendant herein thereby became liable to the plaintiff on said undertaking unless its liability is excused by facts which it has alleged in its answer herein.

The answer contains an allegation that the Granger judgment had been duly vacated and set aside by an order of the Special Term of this court, a copy of which is attached to the answer. The trial justice dismissed the complaint herein on the ground as stated in the order directing such dismissal that it appeared affirmatively from the pleadings that the Granger judgment had been vacated by the Special Term order. That was an affirmative defense which required evidence to sustain it. The learned trial justice was not at liberty to assume the truth of that allegation but should have required the defendant to prove it as he was requested to do by the plaintiff herein.

The said order directing judgment on the pleadings recites that the plaintiff " admitted and conceded upon said argument that the facts pleaded in the defense set up in defendant's answer were true and that said judgment had been duly vacated in accordance with an order of this court, which order was a part of defendant's answer." It is doubtful if such recital fairly states the plaintiff's position on the argument which resulted in the dismissal of its complaint. The record shows a somewhat lengthy colloquy

between the court and counsel in the course of which the court asked the plaintiff's counsel if he disputed the fact that the Granger judgment had been vacated, to which question counsel replied: " No; I say that will be conceded, but we should make up a record." A fair interpretation of this was that the single fact of the vacating of the judgment would be conceded on the trial but plaintiff was insisting throughout upon a trial and that the facts should be developed by the evidence. Assuming as we do, however, that the recital in the order correctly states the concession by the plaintiff, such concession did not go far enough to entitle the defendant to a dismissal of the complaint. There was conceded only the fact that the Granger judgment had been vacated by the Special Term order. There was no concession which precluded the plaintiff from proving facts which would overcome the effect of said Special Term order. It was for instance competent for the plaintiff to prove that said order had itself been vacated or reversed on appeal and if that fact had appeared it might have been a complete answer to the contention of the defendant herein that the Granger judgment had been vacated. A reversal of the order vacating the Granger judgment or the setting aside of said order would have restored said judgment and re-established the liability of the defendant herein on its undertaking given on the appeal from said judgment which appeal had been dismissed. The plaintiff was prevented from overcoming, if it could do so by any evidence at its disposal, the effect of the Special Term order vacating said Granger judgment and whatever concession it made did not prevent it from so doing. Hence the judgment and order directing said judgment are erroneous. This conclusion renders academic the appeal by the plaintiff from the order denying its motion for a resettlement of the order directing judgment and such appeal should, therefore, be dismissed.

The judgment and order directing such judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. The appeal from the order denying the motion to resettle said order directing judgment should be dismissed, without costs.

H. T. KELLOGG, HINMAN and HASBROUCK, JJ., concur; McCANN, J., not sitting.

Judgment and order directing such judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Appeal from order denying motion to resettle said order directing judgment dismissed, without costs.